HAVERFIELD, Chief Judge. ■
This appeal raises the question of whether a defendant is entitled to have counsel *471 present during his pre-sentence investigation interview with the probation and parole commission.
Defendant following a jury trial was found guilty of possession of heroin. The trial judge then ordered a pre-sentence investigation (P.S.I.) pursuant to Fla.R. Crim.P. 3.710. Subsequently, defense counsel’s motion that he be allowed to be present at defendant’s P.S.I. interview with the probation and parole commission was denied. Defendant contends the denial constituted reversible error because a P.S.I. interview is a critical stage of the criminal proceedings and, therefore, requires the assistance of counsel and in support of this contention relies upon Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
We find that Gardner is not controlling as the Supreme Court was concerned with the imposition of the death penalty (a different kind of punishment than any other which may be imposed in this country)[1] based in part on confidential information which was not disclosed to the defendant or his counsel and which the defendant had no opportunity to deny or explain. While the Supreme Court in Gardner, supra, did hold that the sentencing is a critical stage of a criminal proceeding, the court did not find that a defendant is entitled to counsel at the P.S.I. interview.
We believe that the following holding in In Re Beverly, 342 So.2d 481, 489 (Fla.1977) is dispositive of the issue presented:
* * * * * *
“Appellant also contends that he was denied his right to counsel, saying that the patient has the right to counsel at the interview with the examining psychiatrist. The subject of an involuntary civil commitment proceeding has the right to the effective assistance of counsel at all significant stages of the commitment process. Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974). By significant stages we mean all judicial proceedings and any other official proceeding at which a decision is, or can be, made which may result in a detrimental change to the conditions of the subject’s liberty. The right to counsel does not extend to preliminary stages, such as psychiatric interview where custodial decisions are not made. The presence of counsel at that stage would unduly interfere with the objective evaluation of the patients’s mental condition by the examining physician. Lynch v. Baxley, supra. We hold that a patient does not have a right to counsel at the psychiatric interview, as no such right is applicable at the psychiatric examination stage. We point out that appellant was adequately represented by court-appointed counsel at the hearing.”
[[Image here]]
Similarly, a P.S.I. interview is a preliminary stage where no decision is or can be made which may result in a detrimental change to the condition of an already convicted defendant’s liberty. The presence of counsel at this interview would unduly interfere with the evaluation of the defendant by the parole and probation commission. Further, a reading of Fla.R.Crim.P. 3.713 clearly indicates that the P.S.I. is non-adversary in nature and, therefore, does not necessitate or even contemplate the presence of counsel.
The interview not being a critical stage of the proceedings, we conclude the judge did not err in denying defense counsel’s motion to be present at defendant’s P.S.I. interview.
Affirmed.

. Gardner, supra, 430 U.S. at 357, 97 S.Ct. at 1204, 51 L.Ed.2d at 401.